E-FILED; Prince George's Circuit Court
Docket: 10/29/2024 11:19 AM; Submission: 10/29/2024 11:19 AM
Envelope: 18596841

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

| | |
|---|---|
| KAITLYN TRIMBLE<br>418 Hillview Dr Apt 304<br>Linthicum Heights, MD 21090<br><br>     *individually and on behalf of*<br>*all others    similarly situated,*<br><br>         Plaintiff,<br><br>     v.<br><br>ENTRATA, INC.<br>4205 Chapel Ridge Road<br>Lehi, UT 84043<br>**Serve on:**<br>Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808<br><br>         Defendant. | RS<br><br>Case No. \_\_C-16-CV-24-005176_____<br><br><br>**JURY TRIAL DEMANDED** |

## Class Action Complaint, Demand for Injunctive Relief, and Demand for Jury Trial

### Introduction

1. Plaintiff Kaitlyn Trimble ("Plaintiff" or "Ms. Trimble"), on behalf of herself and all others similarly situated, sues Defendant Entrata, Inc. ("Entrata") on a class-action basis.

2. Entrata is a massive debt collection agency. It collects more than $20 billion in rent nationwide, every year. *See* https://www.deseret.com/utah/2022/1/7/22872612/entrata-founder-dave-bateman-antisemitic-email-will-divest-holdings-covid-vaccines-jews-conspiracy/ ("Last July, [Entrata] said it was processing more than $20 billion in rent payments annually.")

3. As described below, Entrata unlawfully collected residential rent from

Plaintiff and many others and also collected extra "Convenience Fees" from them to pay

Entrata for perpetrating its unlicensed agency business.

4. Entrata pursues its rent collection business in Maryland, and regularly

collects rent from numerous Maryland residential tenants, including Plaintiff.

5. In Maryland, "*all*" rent collectors other than real estate brokers are

collection agencies and must be licensed under the Maryland Collection Agency

Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. §§ 7-101 *et seq.*:

> By only exempting real estate brokers and their agents from licensure requirements in the context of collecting rent for others, the MCALA implicitly asserts that *all other individuals or entities* that seek to collect rent for others are in fact performing debt collection activity. ... ***any party collecting rent for another is a debt collection agency***.

*Williams v. Ewrit Filings, LLC*, 268 A.3d 960, 967 (Md. Spec. App. 2022), *cert. denied*

*sub nom. eWrit Filings v. Williams*, 275 A.3d 349 (Md. 2022) (italics in original, bold

italics added).

6. Entrata collects rent from Maryland residents on a daily basis.

7. Entrata is not a real estate broker or agent of a real estate broker within

the meaning of MCALA, and Entrata is not exempt from MCALA.

8. Entrata must be licensed under MCALA to collect rent for residential

premises in Maryland.

9. Entrata has no license under MCALA. Indeed, Entrata is not even

registered to do business in Maryland.

10. Yet Entrata nevertheless regularly collects rent from Plaintiff and many

others in Maryland. By doing so, Entrata is engaged in the business of a collection

agency without a license. Entrata's activity as an unlicensed collection agency business

constitutes a *per se* and continuing violation of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14-201 *et seq.*

    11. Even though Entrata's rent collection business is unlicensed and illegal in Maryland, Entrata charges *extra fees* in addition to the underlying charges it is collecting, to pay Entrata *for* perpetrating its illegal collection business. Entrata calls these extra fees "Convenience Fees."

    12. Entrata's "Convenience Fees" are one of the types of "junk fees in rental housing" that have flooded the residential rental market in recent years. *See* https://www.whitehouse.gov/briefing-room/statements-releases/2023/07/19/fact-sheet-biden-harris-administration-takes-on-junk-fees-in-rental-housing-to-lower-costs-for-renters/. Junk fees, like the Convenience Fees EntrataPay collects, burden American families to the tune of millions of dollars every year:

> From repeated rental application fees **to surprise "convenience fees," millions of families incur burdensome costs in the rental application process and throughout the duration of their lease.** These fees are often more than the actual cost of providing the service, or are added onto rents to cover services that renters assume are included—or that they don't even want. ... Rental housing fees can be a serious burden on renters. ... **Even after renters secure housing, they are often surprised to be charged mandatory fees on top of their rent, including "convenience fees" to pay rent online** ... Hidden fees not only take money out of people's pockets, they also make it more difficult to comparison shop. A prospective renter may choose one apartment over another thinking it is less expensive, only to learn that after fees and other add-ons the actual cost for their chosen apartment is much higher than they expected or can afford.

*Id.*

    13. This lawsuit challenges Entrata's junk Convenience Fees, and Entrata's predatory and illegal practice of collecting an add-on Convenience Fee from Plaintiff and others to pay it *for* engaging in its unlawful collection agency business, when that

3

business, the *raison d'etre* for the Convenience Fees Entrata collects, is unlicensed and unlawful.

14. Plaintiff and Entrata's many other victims should never have had to pay extra junk Convenience Fees in addition to rent to compensate Entrata for perpetrating an illegal business, particularly where that illegal business targeted and burdened Plaintiff and Class members in direct violation of laws designed to protect them, such as the MCALA and MCDCA.

15. Accordingly, Plaintiff brings claims on behalf of a Class that consists of:

> All persons who paid a Convenience Fee to Defendant in connection with Defendant's collection of charges arising from residential real property located in Maryland.

16. Excluded from the Class are all employees, officers and directors of Entrata and its parent or subsidiary companies and predecessors and successors, and all employees of the Court.

## Parties

17. Kaitlyn Trimble is a natural person who is a resident and citizen of the State of Maryland.

18. Entrata is a Delaware corporation with its headquarters located in Utah.

19. Entrata transacts some substantial part of its business in Maryland. Entrata's intrastate Maryland business includes collecting regular payments from residents of many Maryland residential communities, under contracts with the community's management companies, and involves transferring the money to Maryland-based management companies. Entrata has employees that market its collection services to Maryland-based management companies. Property and

4

community management companies use Entrata's collection services to collect charges from their Maryland residents, arising from properties located in Maryland. Entrata has conducted an array of its core activities in Maryland for several years. For example, Entrata has marketed its collection services to Maryland property and community management companies. Entrata has collected payments from Maryland residents on behalf of those management companies. And, Entrata has collected additional Convenience Fees from Maryland residents, fees charged for Entrata's actions in collecting payments arising from Maryland residential real property. Entrata's business is devoted to collecting payments from residents, on behalf of and under contract with property management companies.

20. As part of Entrata's contracts with Maryland residential apartment management companies, Entrata requires that the Maryland *residents* of the apartments managed must pay Convenience Fees for Entrata's collection of payments from them.

### Jurisdiction and Venue

21. This Court has subject-matter jurisdiction over this case pursuant to Md. Cts. & Jud. Proc. Code Ann. §§ 1-501 and 4-402(e)(2). This Court has personal jurisdiction pursuant to Md. Cts. & Jud. Proc. Code Ann. §§ 6-102 and 6-103(b), as Entrata transacts business and performs work and service in the State of Maryland, contracts to supply services in the State of Maryland, and regularly does and solicits business and engages in other persistent courses of conduct in the State of Maryland, including the business described in this Complaint.

22. Venue is proper in this Court under Md. Cts. & Jud. Proc. Code Ann. §§ 4-

402(e)(2) and 6-201, as the amount in controversy in this case exceeds $15,000.00 and because Entrata carries on a regular business and habitually engages in vocation in Prince George's County, Maryland. Among other things, Entrata directs its activity described in this Complaint to persons including residents of Prince George's County Maryland, and contracts to perform that business with respect to properties located in Prince George's County Maryland.

### Entrata's Collection Agency Activity

23. Entrata is engaged in the business of acting as a collection agency in Maryland, and that is its primary business. Entrata contracts with third-party property managers to collect rent charges from residents, like Ms. Trimble.

24. Entrata directly collects residential rent and other residential charges from residents like Plaintiff on behalf of numerous third-party property managers.

25. For example, Entrata repeatedly and directly collected Ms. Trimble's monthly rent from her, on behalf of the property manager for Ms. Trimble's apartment.

26. In connection with its collection of consumer debt from Ms. Trimble and others, Entrata imposes an additional Convenience Fee, on top of the rent or other charges it is collecting, to pay Entrata *for* its collection activity.

27. But Entrata does not have a license to act as a collection agency in Maryland, and a license is required by MCALA for, *inter alia*, any entity that directly or indirectly collects or solicits collection of consumer debts, including rent, on behalf of a third-party.

28. Accordingly, Entrata is not permitted to act as a collection agency and may not collect debts from Plaintiff or other Maryland consumers, or otherwise directly or

6

indirectly seek to collect consumer debts.

29. Entrata's unlicensed status also means it cannot charge Plaintiff and Maryland consumers any Convenience Fees to pay Entrata for its unlawful and unauthorized collection agency activity. Without a collection agency license, Entrata has no legal right to act as a collection agency in Maryland, and has no right to charge, collect, or retain any Convenience Fees paid *for* its unlawful collection agency activity.

30. Entrata's unlicensed, unauthorized actions as a collection agency have caused actual damages to Plaintiff and many others, including but not limited to the Convenience Fees Entrata charged, collected and kept from Plaintiff and Class members to pay for Entrata's improper, unlicensed and unauthorized collection activities.

31. Entrata engages directly and indirectly in the business of collecting for, or soliciting from another, consumer claims from Maryland residents.

32. Entrata provides an internet platform that collects charges arising from residential real property on behalf of third-parties that have contracts with Entrata, such as landlords. For example, Entrata regularly and directly collected rent from Plaintiff on many occasions, detailed below.

33. Entrata also regularly and directly collected Convenience Fees from Plaintiff and Class members, *for* its collection agency services, at the same time that it collected residential real estate payments.

34. Entrata's collection services are provided to benefit landlords and community associations. To that end, Entrata markets its services to property managers for landlords and community associations and encourages them to enter into contracts with Entrata to use its collection services to collect charges from their residents.

35. For example, Entrata advertises its rent-collection services to property managers under the registered trademark ResidentPay (which Entrata owns).

36. As part of its marketing to property managers, Entrata developed a web page entitled "Collect Rent Online," which advertises that Entrata's ResidentPay rent-collection service provides property managers with "Multiple Collection Options" for rent and other charges:

> **Multiple Collection Options**
> Residents have the choice of how to pay, saving you time and effort.
> **Pay Online**
> Residents can log in anytime and make a one-time or recurring payment. Residents that pay online are 85% more likely to continue to pay online.
> **Pay by Cash With Moneygram®**
> Residents can pay their rent with cash at over 48,000 Moneygram locations nationwide, helping you avoid the liabilities and hassle of accepting cash.
> **Check Scanning**
> Scan personal or corporate checks at the office and the payment is posted automatically to the resident's ledger.
> **Accept Deposits, Fees, and More**
> Collect application fees and security deposits online, as well as payments for utilities, storage, pet charges, rentable items, and more.

37. A "case study" published by Entrata highlights Entrata's rent-collection work for one Maryland property manager. This case study states that "With residents paying rent online through Entrata, collection and reconciliation processes seamlessly flow together."

38. Entrata contracts directly with third-party property managers to provide debt collection services for them.

39. Pursuant to its contracts with property managers, Entrata collects rent and other charges arising from residential real property located in Maryland from consumers, on behalf of the contracting third-party property managers.

8

40. Entrata collected charges from Plaintiff and Class members arising from residential real property, on behalf of property managers, pursuant to contracts with the property managers.

41. Entrata acted as a collection agency in Maryland, and it marketed its collection services to Maryland property managers, contracted to provide collection agency services to Maryland property managers, and provided collection agency services to Maryland property managers. Entrata directly collected rent payments from Plaintiff and each Class member, for third-party property managers. But Entrata is not licensed as a collection agency in Maryland and, therefore, may not legally engage in these activities.

42. Nevertheless, Entrata's advertisements confirm its regular business as a collection agency. Entrata, for example, advertises that "ResidentPay lets you ***collect your money*** faster without data entry errors." (emphasis added).

43. Entrata advertises that ResidentPay is "A complete payment solution for credit cards, electronic check/ACH, cash, money order, and check scanning."

44. Entrata advertises that the benefits of ResidentPay include the following:

**Accept more payment types**
Receive check, credit card, and even cash payments. Plus, we make it painless for your residents to pay online.

**Save thousands of hours**
Your average 5,000-unit portfolio spends more than 4,200 hours every year processing checks. ResidentPay lets you collect your money faster without data entry errors.

**Reduce security risks**
Secure your money by accepting more payments online. Less cash at your office means the rent you collect is more secure.

45. Entrata advertises that ResidentPay is:

9

**An online portal for more than just payments**

ü Application fees

ü Security deposits

ü Storage

ü Utilities

ü Pet charges

ü Rentable items

46. Entrata advertises that ResidentPay is "An award-winning platform ***for property owners and operators.***" (emphasis added).

47. Entrata advertises that ResidentPay allows property managers to "Get paid online and on time," and that "Your residents can make one-time or recurring payments 24/7. And those who pay rent online are 85% more likely to do the same next month."

48. The Salt Lake Business Journal reported that "***Entrata's ResidentPay rent collection program*** processes over $18 billion in payments annually." (emphasis added).

49. Entrata even offers a service to property managers called "Rent Collection AI." Entrata advertises that this service "streamlines the rent collection process, interacting with your residents and sending rent reminders and notifications during your property's grace period." Entrata provides an example of a Rent Collection AI communication as follows:

10



50. Entrata represents that "Rent Collection AI streamlines the rent collection process by analyzing Residents' financial behavior, scoring Residents' likelihood of paying rent on time, and sending interactive rent reminders during the property's grace period."

51. Entrata represents that the standard implementation of its services includes the configuration of a "Collections Policy" and "Collection Documents."

52. Entrata represents that it will gather Collection Documents "in Word (.docx) format from Customer, provide one round of initial formatting, one round of revisions before first Property Go-Live, and one round of revisions within fourteen (14) days after first Property Go-Live. Entrata will not exceed eight (8) hours on the custom document setup."

53. In an interview, Entrata's vice president discussed Entrata's payment collection app for smartphones, and stated "If you say the words 'pay my rent' without

even having the app open, the operating system automatically deep links to the system and the payments screen...We auto-populate everything we know ... what the balance is, what was the last payment method used, so the user literally pays the rent with a single tap." The same article states that Entrata "is focusing its payment solution to help residents transition away from paper checks and money orders. The solution, dubbed ResidentPay, launched three years ago and processes ACH transactions, cash/money orders and credit cards and lets users scan their checks. Within four months of its launch, the number of participants shifting from paper to online payments doubled".

54. Entrata is in the business of collecting payments due for residential property on behalf of property managers.

55. Entrata collected payments due for residential property from Plaintiff and each Class member, on behalf of third-party management companies online or by phone. As part of its collection of those payments, Entrata also charged and collected an additional Convenience Fee to pay Entrata for its collection agency activity.

56. Plaintiff and each Class Member paid Entrata's Convenience Fees directly to Entrata, and Entrata collected those fees as part of its collection of the underlying payments due to the management companies. Entrata kept the Convenience Fees it charged to and collected from Plaintiff and Class members.

57. The payments that Entrata collected from Plaintiff and the Class involved consumer claims under MCALA §7-101(f), as the payments Entrata collected from Plaintiff and Class members were payments of money owed or said to be owed by a resident of the State, and arose from transactions in which, for family, household, or personal purposes, the resident sought or got credit, money, personal property, real

12

property, or services. In particular, the payments collected by Entrata from Plaintiff and Class members were payments due for charges arising from residential real property – such as rent.

58. Entrata's activities in its dealings with Plaintiff and Class members are dedicated to the business of 1) collecting for landlords and community management companies, and soliciting from residents, payments for consumer claims; as well as 2) employing the services of an individual or business to solicit or sell a collection system to be used for collection of those consumer claims. *See* MCALA §7-101(d).

59. In particular, Entrata collected residential charges, including rent or community association dues, from Plaintiff and each Class member, on behalf of the third-party management companies which had contracts providing that Entrata agreed to collect payments for them.

60. By undertaking its activities in collecting payments from Plaintiff and Class members for residential property, on behalf of third-party management companies, Entrata is engaged in the business of "collecting for, or soliciting from another, a consumer claim," Md. Code Ann., Bus. Reg. § 7-101(d)(1)(i) and is thus a collection agency under Maryland law.

61. Furthermore, Entrata employed the services of individuals to sell its collection system for the collection of consumer claims.

62. Entrata employs a payment collection system to collect payments from Plaintiff and Class members. Entrata collects ACH, credit and debit card payments, among others, through a custom branded web portal and mobile application. It creates custom-branded online and mobile payment portals to collect rent electronically on a

13

one-time or recurring basis.

      63. Entrata's collection system includes its internet platform and a number of additional methods of collection.

      64. Entrata gave, sold, attempted to give or sell to another, and used, for the collection of consumer claims from Plaintiff and Class members, a series or system of forms or letters that indicates directly or indirectly that a person other than the owner was asserting the consumer claim. For example, Entrata's self-branded internet portal for collecting payments uses a series of forms to collect and display information, including payment information from Plaintiff and Class members, which Entrata used to collect payments of consumer debt from Plaintiff and Class members in its own name. When Entrata collected charge card payments, the charge was listed on consumer account statements as paid to Entrata.

      65. Entrata entered into contracts under which individuals contracted to sell Entrata's collection system to entities collecting residential charges from consumers (including in Maryland).

      66. Entrata has never owned the claims for the payments that it has collected from Plaintiff or other Class members on behalf of third-party property managers for landlords and homeowners' associations. Entrata is not related by common ownership with any of the property managers, landlords or homeowners' associations on whose behalf Entrata collects payments.

      67. Entrata is dedicated to the collection from consumers, directly or indirectly, of debts arising from residential property. Entrata advertises that its services result in the collection of charges from consumers such as for rent.

14

68. The main and motivating purpose of Entrata's business is to collect charges for residential property from consumers such as Plaintiff and Class members, on behalf of third-party property managers.

69. Entrata intended to induce Plaintiff and Class members to pay charges allegedly owed to third-party property managers for landlords and community associations through its practices in collecting payments from Plaintiff and Class members for those charges, and the actions described in this Complaint.

70. Indeed, Entrata succeeded at collecting consumer debts in Maryland. Entrata collected residential charges from Plaintiff and every Class member, on behalf of third-party property managers.

71. Entrata collected and sought to directly and indirectly collect consumer debt from Plaintiff, and from each Class member, through its collection system and forms.

72. Entrata's collection agency services are provided to landlord and community association property managers.

73. Although Entrata provides collection agency services for property managers, Entrata charged Plaintiff and Class members for collecting money from them. As part of Entrata's collection agency activity, Entrata charged and collected a Convenience Fee from Plaintiff and each Class member to pay it for its services in acting as a collection agency for the management companies.

**Entrata Is Not Licensed to Act as a Collection Agency in Maryland**

74. Entrata could not legally engage in the collection activity described in this Complaint, or any collection agency activity in Maryland, because it is not licensed as a

collection agency under MCALA.

75. In particular, MCALA requires any person doing business as a "collection agency" in the State to have a license. *See* MCALA § 7-301(a). MCALA affirmatively forbids any person who is not licensed to act as a collection agency. *See* MCALA § 7-401(a).

76. When Entrata directly and indirectly collected and sought to collect money from Plaintiff and Class members, it was acting as a "collection agency" within the meaning of MCALA.

77. Specifically, the residential charges which Entrata collected from Plaintiff and members of the Class are "consumer claims" under MCALA, because each such claim is for money owed or said to be owed by a resident of the State, and arises from a transaction in which, for a family, household, or personal purpose (i.e., personal residence), the resident sought or got credit, money, personal property, real property, or services. *See* MCALA § 7-101(f).

78. Accordingly, when Entrata directly and indirectly collected and sought to collect debts from Plaintiff and members of the Class, all of which arose from their use of residential real property, Entrata was "collecting for, or soliciting from another, a consumer claim." Md. Code Ann., Bus. Reg. § 7-101(c)(1)(i).

79. In addition, Entrata's services it sold to property managers included a "ResidentPay" branded payment portal with numerous electronic forms used to collect charges from Plaintiff and Class members, in Entrata's name, arising from the lease or acquisition of residential real property – thus "giving, selling, attempting to give or sell to another, or using, for collection of a consumer claim, a series or system of forms or

letters that indicates directly or indirectly that a person other than the owner is asserting the consumer claim." Md. Code Ann., Bus. Reg. § 7-101(c)(3).

80. In addition, Entrata contracted to sell its collection system to property managers and others to collect money from Maryland residents for consumer claims, thus "employing the services of an individual or business to solicit or sell a collection system to be used for collection of a consumer claim." Md. Code Ann., Bus. Reg. § 7-101(c)(4).

81. Entrata sold a rent collection system to management companies in Maryland including Plaintiff's, which included the functionalities described by its advertisements discussed above, and Entrata's ResidentPay "online portal."

82. Entrata sold access to its online portal, and Entrata's rent collection system, to the management companies for Plaintiff's and each Class member's property or community.

83. Entrata's rent collection system could only be used by residents whose property or community management company had entered into a contract with Entrata, under which Entrata agreed to provide its rent collection system to those management companies.

84. Although Entrata is, and at all times relevant to this Complaint was, a collection agency within the meaning of MCALA, it does not have a Maryland license to act as a collection agency, as required by MCALA.

85. Entrata unlawfully undertook actions in violation of MCALA in its dealings with Plaintiff and Class members, including directly and indirectly collecting and attempting to collect consumer claims from them, all without being licensed as a

collection agency as required by Maryland law.

## Entrata Unlawfully Charged Plaintiff and Class Members for Its Unlicensed Collection Activity Perpetrated Against Them

86. Entrata unlawfully required Plaintiff and each Class member to pay extra Convenience Fees to Entrata *for* its collection agency activity, even though Entrata's collection agency activity is and was unlicensed, unauthorized, and illegal.

87. Plaintiff and each Class member paid one or more Convenience Fees directly to Entrata, as part of their payment of the consumer claims Entrata was collecting for third-party property managers.

88. Entrata directly collected one or more Convenience Fees from Plaintiff and each Class member, along with the consumer claims Entrata was collecting for third-party property managers. Entrata collected these amounts under contracts with the property managers.

89. Entrata's Convenience Fees were mandatory and automatically imposed on payments made by Plaintiff and Class members.

90. The Convenience Fees Entrata required from Plaintiff and each Class member were in addition to the underlying charges that Entrata was collecting on behalf of the third-party property managers for landlords and community associations.

91. Entrata kept and retained the Convenience Fees and did not pass them along to, or share them with, any of the third-party property managers for landlords and community associations.

92. The Convenience Fees which Entrata charged to and collected from Plaintiff and other members of the Class were charged and collected by Entrata to pay

18

Entrata for collecting rental charges from Plaintiff and other Class members on behalf of third-party property managers, and were charged and collected to pay Entrata for its unlicensed collection agency activity.

93. Neither Entrata nor anyone else is entitled to assess, charge or collect the Convenience Fees imposed to pay Entrata for its collection activities, when Entrata was not licensed as a collection agency in Maryland and was not permitted to engage in any consumer debt collection business in Maryland.

94. Entrata's unlicensed activity as a collection agency proximately caused damages to Plaintiff and Class members, including damages in the amount of the Convenience Fees Entrata charged and collected for its unlicensed collection agency activity. When Entrata, as part of its unlicensed collection agency activity in collecting money for property managers, charged and collected fees to pay Entrata for its unlicensed and unauthorized collection agency activity, Plaintiff and Class members were damaged.

95. Entrata is not entitled to be paid for undertaking an unlawful course of business in Maryland, and Entrata is not entitled to charge Plaintiff or Class members for its illegal services. The Convenience Fees charged to and collected from Plaintiff and the Class were imposed to pay Entrata for its unlawful, unlicensed business in collecting consumer debts from Plaintiff and Class members.

96. MCALA's prohibition against persons doing business as a collection agency without a license is designed to protect the interests of consumer debtors who are subjected to collection activity by collection agencies and to prohibit collection agencies from using abusive and unfair debt collection practices. In its transactions with

Plaintiff and Class members, Entrata uniformly and systematically failed to comply with, and violated, the requirements of MCALA, and abusively and unfairly demanded and collected money from them which it was not entitled to either charge or collect.

97. Entrata's unlicensed collection agency activity is *per se* illegal under the MCDCA § 14-202(10).

98. Furthermore, by acting as a collection agency without being licensed to do so and causing damages to Plaintiffs and the Class as a result, Entrata engaged in multiple additional violations of the MCDCA. These violations include claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist. *See* MCDCA § 14-202(8).

99. In particular, Entrata claimed, attempted and threatened to enforce the right to act as a collection agency by engaging in collection activity and collecting consumer debts from Plaintiff and Class members, even though it was not licensed as a collection agency, even though it knew it was not licensed or bonded as a collection agency, and even though it had no right to act as a collection agency because unlicensed collection agency activity is prohibited by Maryland law.

100.    Entrata claimed, attempted, and threatened to enforce the right to charge Convenience Fees for its actions as a collection agency, even though its actions as an unlicensed collection agency were unlawful, even though Entrata knew it was not licensed as a collection agency, and even though Entrata had no right to collect Convenience Fees from Plaintiff and Class members, which were imposed to pay Entrata for its unlawful collection activities.

101.    These wrongful acts by Entrata have hurt Plaintiff and Class

members. Entrata's actions as a collection agency in violation of Maryland law have enriched it unfairly and illegally and have unfairly and illegally harmed Plaintiff and Class members.

### Entrata's Actions as a Collection Agency Involving Ms. Trimble

102.    Entrata regularly and repeatedly collected rent from Ms. Trimble, concerning her apartment house residence.

103.    Entrata established an online payment portal to collect payments from Ms. Trimble and other tenants on behalf of the property manager for Ms. Trimble's landlord.

104.    Each time Ms. Trimble used Entrata's payment portal to pay her rent, Entrata collected not only the rent, but also directly assessed and collected a Convenience Fee from her.

105.    In particular, each time Ms. Trimble used Entrata's payment portal to make a payment to her property manager, Entrata added that Convenience Fee to the rent it was collecting and collected it.

106.    For example, on July 6, 2023, at 3:55 p.m., Entrata collected a payment of $170 from Ms. Trimble, which was money due under Ms. Trimble's residential lease. As a condition of collecting those funds from Ms. Trimble, Entrata also required Ms. Trimble to make another additional payment of **$6.80 in Convenience Fees** to Entrata as payment for Entrata's collection activity. Entrata collected those Convenience Fees in addition to the money Ms. Trimble was paying for her residential rent charges, for a "Payment Total" of $176.80.

107.    Entrata kept the $6.80 Convenience Fee.

108.     On August 2, 2023, at 6:06 a.m., Entrata collected a payment of
$34.00 from Ms. Trimble, which was money due under Ms. Trimble's residential lease.
As a condition of collecting those funds from Ms. Trimble, Entrata also required Ms.
Trimble to make another additional payment of **$6.95 in Convenience Fees** to
Entrata as payment for Entrata's collection activity. Entrata collected those Convenience
Fees in addition to the money Ms. Trimble was paying for her residential rent charges,
for a "Payment Total" of $40.95.

109.     Entrata kept the $6.95 Convenience Fee.

110.     On August 21, 2023, at 10:13 p.m., Entrata collected a payment of
$70.00 from Ms. Trimble, which was money due under Ms. Trimble's residential lease.
As a condition of collecting those funds from Ms. Trimble, Entrata also required Ms.
Trimble to make another additional payment of **$6.95 in Convenience Fees** to
Entrata as a payment for Entrata's collection activity. Entrata collected those
Convenience Fees in addition to the money Ms. Trimble was paying for her residential
rent charges, for a "Payment Total" of $76.95.

111.     Entrata kept the $6.95 Convenience Fee.

112.     On February 21, 2024, at 12:17 a.m., Entrata collected a payment of
$100.00 from Ms. Trimble, which was money due under Ms. Trimble's residential lease.
As a condition of collecting those funds from Ms. Trimble, Entrata also required Ms.
Trimble to make another additional payment of **$6.95 in Convenience Fees** to
Entrata as a payment for Entrata's collection activity. Entrata collected those
Convenience Fees in addition to the money Ms. Trimble was paying for her residential
rent charges, for a "Payment Total" of $106.95.

113.     Entrata kept the $6.95 Convenience Fee.

114.     On July 1, 2024, at 10:01 p.m., Entrata collected a payment of $539.00 from Ms. Trimble, which was money due under Ms. Trimble's residential lease. As a condition of collecting those funds from Ms. Trimble, Entrata also required Ms. Trimble to make another additional payment of **$7.95 in Convenience Fees** to Entrata as a payment for Entrata's collection activity. Entrata collected those Convenience Fees in addition to the money Ms. Trimble was paying for her residential rent charges, for a "Payment Total" of $546.99.

115.     Entrata kept the $7.95 Convenience Fee.

116.     On July 11, 2024, at 9:43 a.m., Entrata collected a payment of $489.00 from Ms. Trimble, which was money due under Ms. Trimble's residential lease. As a condition of collecting those funds from Ms. Trimble, Entrata also required Ms. Trimble to make another additional payment of **$7.95 in Convenience Fees** to Entrata as a payment for Entrata's collection activity. Entrata collected those Convenience Fees in addition to the money Ms. Trimble was paying for her residential rent charges, for a "Payment Total" of $496.95.

117.     Entrata kept the $7.95 Convenience Fee.

118.     In connection with each of Ms. Trimble's payments, Entrata each time sent her an E-mail detailing the amount of rent and Convenience Fees it collected, which stated "This payment was processed by Entrata, Inc. on behalf of Lynn Hill Apartments."

119.     Each time Entrata collected rent charges and Convenience Fees from Plaintiff, it collected a claim that was for money owed or said to be owed by a

resident of Maryland which arose from a transaction in which, for a family, household, or personal purpose, Plaintiff sought or got credit, money, personal property, real property, or services.

## Class Action Allegations

120.     Entrata collected residential payments from Plaintiff and numerous other Marylanders, and imposed Convenience Fees on numerous other Marylanders to pay Entrata for its collection activity – even though Entrata is not and never has been licensed as a collection agency.

121.     Entrata collected Convenience Fees from Plaintiff and numerous other Marylanders, repeatedly and on an ongoing basis, to pay it for perpetrating an unlawful collection agency business. The Convenience Fees that Entrata collected from Plaintiff and Class members were not and are not legally collectible.

122.     Entrata intentionally places barriers in the way of Plaintiff and Class members' ability to pay their residential charges without incurring Entrata's unlawful Convenience Fee. For example, an ACH payment through the same payment portal as debit or credit cards incurs no Convenience Fee but does not post for 2-3 days. The only way Plaintiff and Class members can immediately post a payment with confirmation, and avoid potential additional fees for late posted payments, is to pay by credit or debit card and to pay Entrata's Convenience Fee for collecting that payment.

123.     Unless and until this Court grants the relief sought through this action, Entrata will retain the proceeds of its unlawful activities, to the detriment of Plaintiff and the Class.

124.     The Class, as defined above, is identifiable. The proposed Class

24

Representative, Ms. Trimble, is a member of the Class.

125.    The Class is so numerous that joinder of all members is impracticable. The proposed Class consists of more than 40 persons.

126.    There are questions of law and fact which are not only common to all Class members but which predominate over any questions affecting only individual Class members.  The common and predominating questions for the Class include, but are not limited to:

(a) Whether Entrata acted as a collection agency in its dealings with Plaintiff and members of the Class;

(b) Whether Entrata possessed the license necessary to act as a collection agency at the time it collected consumer debt from Plaintiff and the members of the Class;

(c) Whether Entrata must restore amounts paid by Ms. Trimble and members of the Class resulting from Entrata's allegedly unlawful collection practices, including the Convenience Fees Entrata collected from Plaintiff and Class members, due to its unauthorized collection activity;

(d) Whether Entrata's actions in its dealings with the Class violated the MCALA;

(e) Whether Entrata's actions in its dealings with the Class violated the MCDCA;

(f) Whether Entrata's actions in its dealings with the Class violated the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §13-101 et seq. ("CPA");

(h) Whether Entrata's actions in its dealings with the Class entitle Plaintiff and the Class to relief.

127.     The claims of the Plaintiff are typical of the claims of the respective members of the Class within the meaning of Md. Rule 2-231(b)(3) and are based on and arise out of similar facts including Entrata's wrongful conduct.

128.     Plaintiff will fairly and adequately protect the interests of the Class within the meaning of Md. Rule 2-231(b)(4). Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

129.     Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

130.     The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Entrata within the meaning of Md. Rule 2-231(c)(1)(A).

131.     Entrata's actions are generally applicable to the Class as a whole, and Plaintiff seeks declaratory relief with respect to the Class as a whole within the meaning of Md. Rule 2-231(c)(2).

132.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class and a class action is the

superior method for fair and efficient adjudication of the controversy within the meaning of Md. Rule 2-231(c)(3).

133.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and due to the relatively small amounts of individual damages for Class members.

134.    Plaintiff's counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action.

## **Injunctive Relief**

135.    Plaintiff requests preliminary and final injunctive relief.

136.    Plaintiff is likely to succeed on the merits of her claims. Multiple court decisions support Plaintiff's position that an entity like Entrata is a collection agency which is required to be licensed under Maryland law, and that its collection of Convenience Fees from her and Class members without a collection agency license is unlawful. *See, e.g.*, *Moore v. RealPage Util. Mgt. Inc.*, No. 8:20-CV-00927-PX, 2023 WL 2599571 (D. Md. Mar. 22, 2023); *Sullivan v. YES Energy Mgt., Inc.*, No. GJH-22-0418, 2022 WL 4777791, at *1 (D. Md. Sept. 30, 2022).

137.    The balance of convenience weighs strongly in favor of an injunction preventing Entrata from collecting Convenience Fees for its unlawful collection agency activity. Granting an injunction would result in reduced harm from the *status quo*. On the Defendant's side of the equation, there is no legal injury that would result to Defendant by preventing it from collecting Convenience Fees from Plaintiff and Class members when it is not licensed as a collection agency. After all, Entrata's

Convenience Fees are uncollectible and must be returned to Plaintiff and Class members. *See, e.g., Moore v. RealPage Util. Mgt. Inc.*, No. 8:20-CV-00927-PX, 2023 WL 2599571, at *4 (D. Md. Mar. 22, 2023). On the Plaintiff's side of the equation, however, denying an injunction and permitting Entrata to collect Convenience Fees when it is not licensed as a collection agency, and cannot legally collect those fees, would subject Plaintiff and Class members to unnecessary harm.

138.    Plaintiff and Class members will suffer irreparable harm and injury in the absence of an injunction. The MCALA and MCDCA were enacted to protect Plaintiff and Class members and to specifically prevent unlicensed debt collection activity by entities like Entrata. Entrata has, however, flouted the requirements of MCALA and the MCDCA, and subjected Plaintiff and Class members to unlicensed collection agency activity. Without an injunction, Entrata will continue its unlicensed activity and will harm Plaintiff and Class members in violation of the laws designed to protect them and will charge and collect Convenience Fees for its unlawful collection activity. Entrata's continued collection of Convenience Fees from Plaintiff and Class members when Entrata is not licensed as a collection agency and cannot collect those fees has caused, continues to cause, and will in the future cause Plaintiff and Class members emotional distress. Plaintiff and Class members have suffered, and in the absence of an injunction will continue to suffer, mental anguish and emotional distress as a direct and proximate result of Entrata's future collection of Convenience Fees when those fees are not collectible as a matter of law.

139.    For example, Plaintiff has already suffered stress and anxiety resulting from Entrata's illegal collection activity, and its illegal charges, and from the

fact that she paid Convenience Fees to Entrata for its illegal activity, which she needed for groceries and other necessities. Plaintiff's payment of Convenience Fees to Entrata for perpetrating illegal collection activity, took money from her that could have been used, and was needed to be used, to cover necessary expenses. Entrata's demand for those Convenience Fees, and Plaintiff's payment of those fees, caused Plaintiff to suffer stress and anxiety. Entrata's actions in continuing to demand Plaintiff's payment of unlawful Convenience Fees will continue to cause Plaintiff to suffer stress and anxiety.

140. The public interest weighs in favor of an injunction. Maryland law, including MCALA and the MCDCA, was specifically designed to protect Plaintiff and Class members from being harassed by unlicensed collection agencies like Entrata. Nevertheless, Entrata has intentionally flouted the MCALA and MCDCA, harassed Plaintiff with illegal fees, and profited immensely as a direct and proximate result of its regular and continuing violations of Maryland laws designed to protect Plaintiff and Class members.

## Causes of Action

### Count One
### Declaratory Judgment

141. Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

142. This claim for declaratory relief is brought under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Pro. § 3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations regarding Plaintiff and members of the Class and Entrata, and under MCALA, Md. Code Ann., Bus. Reg. § 7-101 *et seq.*

29

143.    Entrata takes the position that it was entitled to undertake the actions alleged herein in its dealings with Plaintiff and members of the Class even though it was not licensed as a collection agency under MCALA.

144.    Plaintiff takes the position that Entrata was required to be licensed as a collection agency under MCALA at the time it engaged in the activity alleged in this Complaint.

145.    Entrata takes the position that it was not required to be licensed as a collection agency under MCALA at the time that it engaged in the activity alleged in this Complaint.

146.    Plaintiff and members of the Class have received collection notices from Entrata demanding payment of the amounts alleged in this Complaint, including amounts charged for the Convenience Fees which are the subject of this proceeding.

147.    This presents an actual, judicable controversy between the parties relating to the actions by Entrata in its dealings with Plaintiff and members of the Class, relating to the application of MCALA to those actions, and relating to the legitimacy of charges assessed as a result of those actions. In particular, Entrata has acted as a collection agency with respect to Class members. Its actions as a collection agency include the collection of Convenience Fees from Class members for its unlicensed collection activity, when Entrata was not entitled to collect those charges, or any others.

148.    Plaintiff and members of the Class have a right to be free from the charges assessed against them through Entrata's unlawful actions, and to be free from the consequences of Entrata's unlawful activity as a collection agency when it had no collection agency license.

30

## Count Two
## Violation of the Maryland Consumer Debt Collection Act

149.     Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

150.     Entrata, at all times relevant to the actions alleged herein, was a "collector" within the meaning of MCDCA § 14-201(b), because the alleged debts of Plaintiff and members of the Class which Entrata collected from them through the actions described herein arose from consumer transactions – i.e. the acquisition or lease of residential real property.

151.     In collecting and attempting to collect on the alleged debts of Plaintiff and members of the Class without a collection agency license under MCALA, Entrata violated section 14-202 of the MCDCA.

152.     Entrata committed *per se* violations of MCDCA § 14-202(10) when it engaged in collection agency activity directed at Plaintiff and Class members without a collection agency license under MCALA.

153.     Entrata violated section 14-202(8) of the MCDCA when it claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist. Entrata claimed, attempted and threatened to enforce a right to act as a collection agency in its dealings with Plaintiff and members of the Maryland Subclass, when it had no such right. Entrata knew that it was not licensed as a collection agency in Maryland. Entrata knew that it had no right to act as an unlicensed collection agency in its dealings with Plaintiff and members of the Class. Entrata has a sophisticated legal department and counsel. Entrata knew and knows that its collection activity nationwide and in Maryland is against the law and specifically in violation of the MCALA and the MCDCA.

31

154.     Entrata's actions in violation of the law proximately caused damages to Plaintiff and members of the Class. For example, Plaintiff and other members of the Class were assessed and paid Convenience Fees to Entrata as a direct and proximate result of Entrata's unlawful collection activity. Entrata's Convenience Fees were improperly added to the debts of Plaintiff and Class Members by Entrata, to compensate Entrata for its illegal collection agency activity. Plaintiff and Class members were damaged by the Convenience Fees Entrata imposed and collected for its unlicensed collection activity. Plaintiff and Class members have paid Convenience Fees directly to Entrata for the collection services Entrata provides to their landlord or community association property managers, even though Entrata's services are unlicensed and illegal. Entrata's Convenience Fees are illegal and uncollectible. Entrata cannot legally charge or collect or retain its Convenience Fees from Plaintiff and the Class.

155.     Plaintiff and other members of the Class paid Entrata's Convenience Fees directly to Entrata as a direct and proximate result of, and for, Entrata's collection agency activity, even though that activity was against the law. No fees could legally be assessed to Plaintiff and other Class members for Entrata's illegal business practices, directed at them. Nevertheless, Entrata charged Plaintiff and Class members for its unlicensed, illegal activity. Plaintiff and each Class member paid Entrata the illegal Convenience Fees Entrata charged for its unlicensed collection activity.

156.     Entrata charged its Convenience Fees to Plaintiff and each Class member, and collected those fees, as part of its collection agency activity and to pay Entrata for its collection agency activity.

32

157.    With every payment Entrata collected from Plaintiff and Class members, Entrata demanded that Plaintiff and Class members pay the Convenience Fee for Entrata's unlicensed collection activity.

158.    Entrata had no right to charge a fee to Plaintiff and Class members for its unlicensed collection activity.

159.    Plaintiff and Class members paid a fee to Entrata for its unlicensed collection agency activity because Entrata charged the fee to them as part of its collection agency activity. With each credit or debit card payment that Entrata collected from Plaintiff and Class members on behalf of a third-party management company for a landlord or community association, Entrata also charged collected a Convenience Fee from Plaintiff and Class members to pay it for its collection agency activity directed at them.

160.    As a direct and proximate result of Entrata's method of collecting consumer debts in violation of Maryland law, and without a collection agency license, Plaintiff and other Class members were charged and paid fees which they did not legally owe, including the Convenience Fees assessed and paid to compensate Entrata for its illegal activity, which damaged Plaintiff and Class members.

161.    Plaintiff and members of the Class have been charged and have paid amounts for these Convenience Fees to pay Entrata for its unlawful actions as a collection agency. These damages, losses and injuries were proximately caused by the breaches of duty of Entrata, as Plaintiff and Class Members would not have paid for Entrata's unlicensed and unauthorized actions absent Entrata's breaches of duty, including its breach of duty to not engage in collection agency activity directed at

33

Plaintiff and Class Members without a collection agency license.

162.　In addition, Plaintiff and Class members have suffered mental anguish and emotional distress as a direct and proximate result of Entrata's violations of the MCDCA. For example, Plaintiff suffered stress and anxiety resulting from Entrata's illegal collection activity, and its illegal charges, and from the fact that she paid Convenience Fees to Entrata for its illegal activity, which she needed for groceries and other necessities. Plaintiff's payment of Convenience Fees to Entrata for perpetrating illegal collection activity, took money from her that could have been used, and was needed to be used, to cover necessary expenses. Entrata's demand for those Convenience Fees, and Plaintiff's payment of those fees, caused Plaintiff to suffer stress and anxiety.

## Count Three
## Violation of the Maryland Consumer Protection Act

163.　Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

164.　The CPA generally prohibits unfair or deceptive trade practices in, among other things, the collection of consumer debts. *See* Md. Code Ann., Com. Law § 13-303(5).

165.　The actions of Entrata alleged herein constituted unfair or deceptive trade practices in the collection of consumer debts as defined by the CPA, and in taking those actions Entrata violated the CPA.

166.　The unfair or deceptive trade practices barred by the CPA specifically include the violation of the MCDCA. *See* Md. Code Ann., Com. Law § 13-301(14)(iii). Entrata violated the MCDCA as alleged herein.

34

167.    Plaintiff and Class members sustained actual damages as a result of the actions in violation of the CPA and MCDCA alleged herein in the form of Entrata's unlawful Convenience Fees, which were assessed to pay Entrata for its illegal activity, and which were paid by Plaintiff and Class Members directly to Entrata.

**Count Four**
**Money Had and Received**

168.    Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

169.    Entrata acted as a collection agency in its dealings with Plaintiff and members of the Class, when it lacked the license required to act as a collection agency in Maryland.

170.    These actions of Entrata were and are illegal.

171.    Any agreement or arrangement under which Entrata was entitled to any form of payment or compensation of any kind for acting as a collection agency, when it did not have a license to act as a collection agency and had not posted the bond required for a collection agency, is nugatory and ineffective as it was in violation of the law.

172.    As a result of Entrata's actions, Entrata collected Convenience Fees which were paid by Plaintiff and Class Members for Entrata's unlawful actions as a collection agency. Entrata had no legal or equitable right to collect Convenience Fees from Plaintiff and Class members, to pay for Entrata's unlicensed collection activity and illegal course of conduct.

173.    As a result of the actions alleged above, Entrata obtained possession of money which, in equity and good conscience, it ought not to be allowed to retain and should return to Plaintiff and other Class members.

## Count Five
## Unjust Enrichment

174.    Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

175.    Plaintiff and Class members conferred a benefit upon Entrata by paying it the Convenience Fees it charged and collected.

176.    Entrata knew of the benefit conferred upon it by Plaintiff and the members of the Class. Entrata affirmatively demanded that Plaintiff and members of the Class pay Convenience Fees to Entrata for its activity in collecting payments from them – even though Entrata was not licensed to engage in that collection activity.

177.    Entrata had no right to demand or collect Convenience Fees from Plaintiff or Class members for its collection activity, because it was not authorized to act as a collection agency as required by statutory law.

178.    It would be inequitable for Entrata to retain the amounts that it has collected from Plaintiff and Class members for Convenience Fees, as those amounts were paid to Entrata for its illegal collection agency activity, and as a result of its unlawful collection agency activity. Entrata's Convenience Fees were illegal, not legally owed to Entrata, and could not legally be collected by Entrata or anyone else.

## Count Six
## Negligence

179.    Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

180.    Entrata had a duty to Plaintiff and members of the Class to not act as a collection agency, when it did not have the license to act as a collection agency

required under Maryland law.

181.    In addition, Entrata had a duty to not charge and collect Convenience Fees from Plaintiff and Class members to pay Entrata for its unlawful collection agency business in Maryland, perpetrated against the Plaintiff and Class members.

182.    Entrata's activity as a collection agency violated laws designed to protect Plaintiff and Class members, and perversely required Plaintiff and Class members to pay Entrata for breaking the laws designed to protect them.

183.    Entrata breached its duties of care to Plaintiff and members of the Class when it acted as a collection agency in its dealings with Plaintiff and Class members, and when it did not have the license to do so. Entrata further breached its duties of care to Plaintiff and members of the Yardi Class when it charged and collected Convenience Fees to pay it for its unlawful collection activity.

184.    Plaintiff and members of the Class have suffered actual losses and damages as the result of the illegal conduct of Entrata. Among other things, Plaintiff and Class members have been assessed and forced to pay amounts for Convenience Fees to pay Entrata for its unlawful actions as a collection agency. These damages, losses and injuries were proximately caused by the breaches of duty of Entrata, as Plaintiff and Class members would not have paid Convenience Fees for Entrata's unlicensed and unauthorized actions as a collection agency absent Entrata's breaches of duty.

WHEREFORE, Plaintiff respectfully requests:

A.    An injunction restraining Entrata from collecting Convenience Fees from Plaintiff or Class members in the future without a Maryland collection

37

agency license;

B. A declaration that Entrata may not collect Convenience Fees from Plaintiff or Class members when it is not licensed as a collection agency under Maryland law;

C. Recovery of all amounts paid by Class members to Entrata for Convenience Fees, damages in an amount to be determined by a jury including damages for mental anguish and emotional distress, disgorgement of all benefits received by Entrata from Plaintiff and Class members as a result of the activities alleged in this Complaint, reasonable attorney's fees pursuant to Md. Code Ann., Com. Law § 13-408(b), and the costs of this action, all in an aggregated sum in excess of $75,000.00 for the Class as a whole; and,

D. such other and further relief as the nature of this case may require.

Respectfully submitted,

_____

Benjamin H. Carney (CPF No. 0412140132)
bcarney@GWCfirm.com
Richard S. Gordon (CPF No. 8912180227)
rgordon@GWCfirm.com
GORDON, WOLF & CARNEY, CHTD.
11350 McCormick Road, Executive Plaza 1 Suite 1000, Hunt Valley, Maryland 21031
Telephone: (410) 825-2300
Facsimile: (410) 825-0066

Attorneys for Plaintiff and the Class

38

**JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable of right by a jury.

_____

Benjamin H. Carney